Arnold Gr. Fraiman, J.
This is a motion by plaintiff for summary judgment. Plaintiff landlord, by its amended complaint, seeks recovery of rent and “ common area charges ” for a store located in a shopping center. Defendant admits in its answer that it has not paid the rent and charges sued upon, but alleges, by way of affirmative defense and counterclaims, that the lease must be construed to obligate plaintiff to provide security guards to keep the shopping center in a safe condition and that plaintiff’s breach of this duty justified the vacatur of the premises by defendant. Defendant alleges that during the spring and summer of 1969 there was rioting at the shopping center, and the failure of the plaintiff to provide adequate security protection deprived defendant of its right to ‘ ‘ quiet enjoyment ” of the premises as covenanted in its lease, and also violated that provision of the lease which obligated the landlord to maintain the common areas of the shopping center “ in a clean and safe condition.” In support of its contention that plaintiff was obligated to provide adequate security personnel for the center, "defendant relies not only on the above provisions of the lease, but also upon another provision which obligated the tenant to pay an annual “ common area charge ” or “ mall maintenance charge”. Finally, defendant attempts to prove plaintiff’s obligation to provide adequate guard service by alleging in its opposing affidavit that plaintiff stated during the leasing negotiations with defendant that security guards would be hired to protect the tenants, and that they were in fact employed by plaintiff since the inception of the shopping center.
Nowhere in the lease is there any mention made of an obligation by the landlord to provide security personnel for the shopping center. The fact that the landlord actually supplied such services did not create a duty or impose an obligation on it to *305 continue to do so, or to provide it in sufficient numbers adequately to protect the tenants against a riot (Fogelson v. Rackfay Constr. Co., 300 N. Y. 334). While no explanation is contained in the clause of the lease providing for the annual payment of a “ common area charge ’ ’, as to the purpose of such charge, it may reasonably be inferred that it was intended to pay for those services covenanted by the landlord under paragraph 3 of the lease, entitled “ Common Areas This paragraph, which, along with that providing for the tenant’s “ quiet enjoyment ”, are the two paragraphs of the lease allegedly breached by plaintiff, provides in relevant part that “ (l)and-lord shall construct the shopping center * * * and shall properly maintain same with necessary lighting, including night lighting, and to properly maintain the passageways, public malls, sidewalks, landscaping and other common areas and facilities in a clean and safe condition and good state of repair, including the removal of debris therefrom ”.
It is clear that this clause of the lease relates to the landlord’s obligations with respect to the physical upkeep of the center and it cannot be read as importing an obligation to protect the tenants against rioting.
The other paragraph of the lease relied upon by defendant, wherein the landlord covenants that “ the tenant shall quietly enjoy the demised premises ” is the standard covenant of quiet enjoyment contained in most leasing agreements, and does not impose upon the landlord an obligation to quell civil disturbances and rioting which occurred in the common area of the center. Finally, defendant’s allegation that the landlord orally promised to supply guard service prior to the execution of the lease, cannot be considered, the terms of the written agreement between the parties being clear and free of ambiguity (Whirlpool Corp. v. Regis Leasing Corp., 29 A D 2d 395).
Parenthetically, it is noted that, while defendant alleges the occurrence of rioting and civil commotion, no facts are set forth to indicate that these occurrences were of such magnitude that they substantially and materially barred the beneficial use and enjoyment of the leased premises. In the absence of such a showing, defendant cannot claim a constructive eviction even though it abandoned the premises (Barash v. Pennsylvania Term. Real Estate Corp., 26 N Y 2d 77, 83).
There being no triable issues of fact raised by defendant’s answer and counterclaims, all of which relate to the alleged constructive eviction of defendant, plaintiff’s motion for summary judgment is granted.